```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                Case No. 15-03375-JJT
Mark A. Gonsky                                                        Chapter 7
        Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-5         User: karendavi            Page 1 of 2                   Date Rcvd: Oct 27, 2016
                             Form ID: 318               Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 29, 2016.
db             Mark A. Gonsky,    59 Loop Road A/K/A,    386 Loop Road - Glen Summit,    Mountain Top, PA 18707
aty           +Jonathan A. Spohrer,    279 Pierce Street,    Kingston, PA 18704-5150
aty           +Sheils Law Associates, P.C.,   108 North Abington Road,    Clarks Summit, PA 18411-2505
cr            +PA Department of Revenue,    Office of Attorney General,    15th Floor - Strawberry Square,
                Harrisburg, PA 17120-0001
4679834       +Commonwealth Of Pennsylvania,    Bureau Of Individual Taxes,    P. O. Box 280431,
                Harrisburg, PA 17128-0431
4679831        Gonsky Mark A,    59 Loop Road A/K/A,    386 Loop Road - Glen Summit,    Mountain Top, PA 18707
4679837       +Joyce Sauers,   178 Woodlawn Avenue, Rt. 437,    Mountain Top, PA 18707-1030
4679838       +KML Law Group,    Suite 5000-BNY Independence Center,    701 Market Street,
                Philadelphia, PA 19106-1538
4679832     ++++LAW OFFICE OF DAVID J HARRIS,    67-69 PUBLIC SQ STE 700,    WILKES BARRE PA 18701-2515
              (address filed with court: Law Office of David J Harris,    69 Public Square Suite 700,
                Wilkes Barre, PA  18701)
4679839       +Luzerne County Tax Claim Bureau,    Luzerne County Courthouse,    200 North River Street,
                Wilkes-Barre, PA 18702-2405
4679840       +M&T Bank S/B/M Franklin First Savin,    One Fountain Plaza,    Buffalo, NY 14203-1420
4679842       +Mountain Top Area Joint Sanitary,    C/O Jonathan A. Spohrer, Esquire,    279 Pierce Street,
                Kingston, PA 18704-5150
4693367       +Mountaintop Area Joint Sanitary Authority,    Jonathan A Spohrer Esquire,    279 Pierce Street,
                Kingston, PA 18704-5150
4722015       +Ron and Joyce Sauers,    178 Woodlawn Ave,   Mountain Top, PA 18707-1030
4679843        The Glen Summit Company,    P. O. Bo X34,   Mountain Top, PA  18707
4679844        Verizon,   P. O. Box 23037,    Bloomington, IL 61702-3037
4679845       +Verizon Wireless,   P. O. Box 4003,    Acworth, GA 30101-9004
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4711847        EDI: AIS.COM Oct 27 2016 18:48:00      American InfoSource LP as agent for,    Verizon,
                PO Box 248838,    Oklahoma City, OK  73124-8838
4679833       +EDI: CAPITALONE.COM Oct 27 2016 18:48:00      Capital One (USA), N.A.,    P. O. Box 71083,
                Charlotte, NC  28272-1083
4694545        EDI: CAPITALONE.COM Oct 27 2016 18:48:00      Capital One Bank (USA), N.A.,    PO Box 71083,
                Charlotte, NC  28272-1083
4679835        EDI: DISCOVER.COM Oct 27 2016 18:48:00      Discover Bank,    P. O. Box 71084,
                Charlotte, NC  28272-1084
4682386        EDI: DISCOVER.COM Oct 27 2016 18:48:00      Discover Bank,    Discover Products Inc,
                PO Box 3025,    New Albany, OH  43054-3025
4679836        EDI: IRS.COM Oct 27 2016 18:48:00      Internal Revenue Service,    P. O. Box 7346,
                Philadelphia, PA  19101-7346
4696315        E-mail/Text: camanagement@mtb.com Oct 27 2016 18:50:14      M&T BANK,    PO BOX 1288,
                Buffalo, NY 14240
4686121       +E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 27 2016 18:50:19
                Pennsylvania Department of Revenue,    Bankruptcy Division PO BOX 280946,
                Harrisburg, PA 17128-0946
                                                                                              TOTAL: 8

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4679841       ##+Marie Smith,    Estate Of Helen Gonsky,   27 Carlisle Street,    Wilkes-Barre, PA 18702-3501
                                                                                TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 29, 2016                                      Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 27, 2016 at the address(es) listed below:
              Brenda Sue Bishop    on behalf of Creditor    PA Department of Revenue bbishop@attorneygeneral.gov,
               RA-occbankruptcy6@state.pa.us;vcaggiano@attorneygeneral.gov;rroberts@attorneygeneral.gov
              David J. Harris    on behalf of Debtor Mark A. Gonsky dh@lawofficeofdavidharris.com,
               davidharrisesqign@gmail.com
              Jill M. Spott    on behalf of Trustee Robert P. Sheils, Jr (Trustee) jspottesq@sheilslaw.com,
               psheldon@sheilslaw.com;rmcdonald@sheilslaw.com
              Joshua I Goldman    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Robert P. Sheils, Jr (Trustee)    rsheils@sheilslaw.com,
               rmcdonald@sheilslaw.com;PA41@ecfcbis.com;psheldon@sheilslaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 6
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Mark A. Gonsky** | Social Security number or ITIN  xxx−xx−9970 |
| | First Name   Middle Name   Last Name | EIN  __−_____ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  ____ |
| | | EIN  __−_____ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | |
| Case number:   **5:15−bk−03375−JJT** | | |

# Order of Discharge                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Mark A. Gonsky

**By the court:**   _[signature]_

October 27, 2016

Honorable John J. Thomas
United States Bankruptcy Judge

By: karendavis, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                    **Order of Discharge**                                 page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**